Mr Justice M’Lean.
-1 concur with the opinion which has been delivered.
At first I was inclined to think that, under the general prayer for. relief, the court might award a mandamus directing the district judge to enter á judgment in. the case. Not that this^court, on a mandamus, should direct.the district court to enter a judgment in behalf of either party; but that, in the due ' exercise of its discretion, it should proceed to render a judgment in the case, in order that such judgment might be. brought before this court for revision, by writ of errori
*606 But as there is no specific prayer .for a mandamus, on .the ground that the court has ^refused to give a judgment, I am _ content, as it involves a mere question of practice, to agree with my- brother-judges, that a prayer for this writ must point out specifically the ground of the application.
• Whatever effect the insolvent-law of Louisiana ipay have to divest the jurisdiction of a state court, where the property of a' defendant is transferred to the syndic; such cannot be the effect on the jurisdiction of a court of the United States. No state law, or proceedings under a state law, can divest a court of the United States of jurisdiction. And in this case, I can entertain no doubt, that‘the district court, having jurisdiction, may proceed to a fihal judgment. Whether an execution, issued upon such judgment, may be levied upon the property in the hands of thei syndic, presents a question which depends upon very different principles.
On consideration of the motion made in this case for a mandamus to be addressed to the honourable Samuel H. Harper, district judge of the United States for the eastern district of Louisiana, and of the arguments of counsel thereupon had, as well in opposition to, as in support of the motion: it is now here ordered and adjudged by this court, that the mandamus prayed for be, and the same is hereby refused, and that the said motion be, and the same is hereby overruled. .